**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Kevin D. Hall

        v.                                    Civil No. 07-cv-117-PB

Dr. Swartout

**O R D E R**

    Pro se plaintiff Kevin Hall has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that the defendant denied him adequate medical care in violation of his Fourteenth Amendment rights (doc. no. 1).  Hall brings this action, seeking damages, against Cheshire County House of Correction ("CCHC") physician, Dr. Swartout.  In addition, Hall has requested that the Court appoint counsel to represent him in this matter.

    The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons explained below, I find that Hall has sufficiently alleged a denial of his Fourteenth Amendment right to adequate medical care against the defendant,

and I direct service of the complaint accordingly.  Further, I
deny the motion to appoint counsel without prejudice.

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated
plaintiff commences an action pro se and in forma pauperis, the
magistrate judge is directed to conduct a preliminary review.  LR
4.3(d)(2).  In conducting the preliminary review, the Court
construes pro se pleadings liberally, however inartfully pleaded.
<u>See</u> <u>Erickson v. Pardus</u>, ___ U.S. ___, 127 S. Ct. 2197, 2200
(2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and
<u>Haines v. Kerner</u>, 404 U.S. 519, 520–21 (1972) to construe pro se
pleadings liberally in favor of the pro se party).  "The policy
behind affording pro se plaintiffs liberal interpretation is that
if they present sufficient facts, the court may intuit the
correct cause of action, even if it was imperfectly pled."  <u>See</u>
<u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (noting that
courts may construe pro se pleadings so as to avoid
inappropriately stringent rules and unnecessary dismissals of
claims); <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997)
(same).  All of the factual assertions made by a pro se plaintiff
and inferences reasonably drawn therefrom must be accepted as

true.  <u>See</u> <u>id.</u>  This review ensures that pro se pleadings are
given fair and meaningful consideration.

<u>Background</u>

<u>Factual Allegations Underlying Claim</u>

Between October 2004 and February 2005, Hall was a pretrial
detainee incarcerated at the CCHC.  On December 30, 2004, Hall
swallowed pieces of glass and metal in front of CCHC correctional
officers.  Later that day, while in CCHC isolation, Hall threw up
blood and repeatedly complained of pain to a correctional
officer.

During the first half of January 2005, x-rays were taken of
Hall which confirmed that he had swallowed dangerous items.
Having seen the x-rays and heard Hall's reports of severe pain,
Dr. Swartout, the CCHC physician, decided that Hall would be fine
without medical intervention, and directed Hall to eat ice cream
and drink milk to help pass the items he had swallowed.  Another
set of x-rays were taken which showed the items remained in
Hall's body.  Again, Dr. Swartout discounted Hall's complaints of
horrific pain and said that Hall would be fine without medical
intervention.

At some point, Dr. Swartout advised Hall that all of the glass and metal pieces Hall had swallowed had passed safely out of his system.  Hall, who was still complaining to Dr. Swartout of severe pain, again swallowed metal and glass.  Dr. Swartout did not see Hall after the subsequent swallowing incident, and no x-ray was taken.  Dr. Swartout simply ordered that Hall be placed on antibiotics as a prophylactic measure to prevent infection from the newly swallowed items.

On February 11, 2005, Hall was transferred to the Hillsborough County House of Correction ("HCHC").  Upon his arrival at the HCHC, officials there immediately sent Hall to a hospital emergency room.  Hall was admitted to the hospital and spent 21 days in intensive care.  Because of all of the glass and metal that Hall had swallowed in the preceding six weeks, without receiving adequate medical treatment, Hall suffered from significant and life-threatening damage to his internal organs. Hall has permanent scarring and digestive problems from the damage caused as a result of not being adequately treated for the 43 days he was in the CCHC.

4

Procedural History

Hall has previously brought suit in this Court alleging facts identical to those alleged here.  See Hall v. Cheshire County Dep't of Corrs., Civ. No. 05-381-JD, (Complaint filed Oct. 31, 2005).  Although the action was initially authorized by this Court to proceed against an "unnamed doctor," see id. (Report and Recommendation and Order issued Feb. 10, 2006), Hall never named the CCHC physician he sought to bring suit against.  As a result, the "unnamed doctor" was dismissed from that action without prejudice.  It appears that Dr. Swartout is the unnamed doctor Hall intended to sue in his previous § 1983 action, and that Hall is now renewing his previously dismissed claim.

Discussion

I.  Section 1983

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[1]; City of Okla. City v.

───────────────

[1]42 U.S.C. § 1983 provides that:

Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

<u>Tuttle</u>, 471 U.S. 808, 829 (1985); <u>Wilson v. Town of Mendon</u>, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692 (1978); <u>Soto v. Flores</u>, 103 F.3d 1056, 1061–62 (1st Cir. 1997).  Here, Hall claims that Dr. Swartout was a state actor, and that he violated Hall's federal constitutional right to adequate medical care.  His claim arises, therefore, under § 1983.

II.  <u>Denial of Adequate Medical Care</u>

Hall was a pretrial detainee at the time he alleges he was denied adequate medical care.  His challenge to the conditions of his detention arises, therefore, under the Fourteenth Amendment.  <u>See, e.g.,</u> <u>Lyons v. Powell</u>, 838 F.2d 28, 29 (1st Cir. 1988) (per curiam) (rejecting an Eighth Amendment challenge to pretrial detention).  "'[T]he State does not acquire the power to punish, with which the Eighth Amendment is concerned, until after it has secured a formal adjudication of guilt in accordance with due process of law.'"  <u>Martinez–Rivera v. Ramos</u>, ___ F.3d ___, 2007

---

rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law . . . .

WL 2254586, *4 (1st Cir. 2007) (quoting Ingraham v. Wright, 430
U.S. 651, 671-72 n.40 (1977)).[2]

Detainees have a constitutional right under the due process
clause of the Fourteenth Amendment to be free of punishment.  See
Surprenant v. Rivas, 424 F.3d 5, 15 (1st Cir. 2005) (citing
O'Connor v. Huard, 117 F.3d 12, 15 (1st Cir. 1997)).  However,
challenged conditions or restrictions which can be rationally
related to some legitimate administrative goal or security
concern generally will not be deemed unconstitutional
"punishment."  O'Connor, 117 F.3d at 15.  Because the Due Process
Clause prohibits the infliction of punishment on a person prior
to a judgment of conviction, the issue in evaluating claims by a
pretrial detainee is ultimately whether the conditions of
confinement were reasonably related to a legitimate state
interest or were intended instead as punishment.  See Surprenant,
424 F.3d at 13; Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d
315, 317 (1st Cir. 1995).

---

[2]Hall's complaint refers to violations of the Eighth and
Fourteenth Amendment.  I will, however, construe the complaint as
brought only under the Fourteenth Amendment.  The claim, as
construed and identified in this Order, will be considered to be
the claim alleged in the complaint for all purposes.  If Hall
disagrees with my identification of the claim, he must seek to
amend his complaint by proper motion.

Hall alleges that Dr. Swartout ignored medical evidence demonstrating that he was suffering from a serious medical condition, Hall's complaints of significant pain, and other symptoms, including a continuation of Hall's self-injurious behavior. Given the severity of Hall's condition, which was recognized immediately by the HCHC personnel as requiring hospital treatment, I find that Hall has demonstrated that Dr. Swartout's failure to provide Hall with adequate medical care can be construed as both deliberately indifferent to Hall's serious medical needs, and punitive.

III. <u>Motion to Appoint Counsel</u>

Hall has requested that the Court appoint counsel in this matter. There is no absolute constitutional right to free legal representation in a civil case. <u>Bemis v. Kelley</u>, 857 F.2d 14, 15 (1st Cir. 1988). Rather, appointment of counsel in a civil case is left to the discretion of the court. <u>See</u> 28 U.S.C. § 1915(d). An indigent litigant must demonstrate that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law. <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991); <u>Cookish v. Cunningham</u>, 787 F.2d 1, 2 (1st

Cir. 1986) (*per curiam*).  In the case at hand, Hall has failed to establish the existence of such circumstances at this time. Hall's motion for counsel is therefore denied without prejudice to refiling in the future should circumstances warrant.

Conclusion

Without commenting on the merits of the complaint, I find that plaintiff has stated a claim upon which relief may be granted for a violation of his Fourteenth Amendment right to adequate medical care.  Accordingly, I order that the complaint be served on the defendant.  As Hall has filled out the required summons form, the Clerk's office shall issue the summons against the defendant and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons and copies of the complaint (document no. 1) and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon the defendant.  See Fed. R. Civ. P. 4(c)(2).

Defendant is instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on

the Defendant by delivering or mailing the materials to them or
their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

     **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge


Date:   September 17, 2007

cc:     Kevin D. Hall, pro se