**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Kevin Hall**

    **v.**                              Civil No. 07-cv-117-JL

**Dennis Swartout, M.D.**

**REPORT AND RECOMMENDATION**

Kevin Hall has filed a motion (doc. no. 41) seeking to vacate the November 6, 2008, Judgment (doc. no. 28) entered in this case after summary judgment was granted in the Defendant's favor.  The Court finds that Plaintiff's motion (doc. no. 41) is properly construed as one for relief from judgment, raised under Rule 60(b)(4), which allows relief from a judgment that is void, and Rule 60(b)(6), which allows the Court to grant relief from a judgment for any "reason that justifies relief."  Defendant objects (doc. no. 42).  The motion to vacate has been referred to this Magistrate Judge for consideration.

**PROCEDURAL BACKGROUND**

**I.    2007 – 2009**

Kevin Hall filed a Complaint (doc. no. 1) in this matter on April 19, 2007.  On September 17, 2007, the Court issued an

Order (doc. no. 8) directing service of the Complaint on
defendant, Dr. Dennis Swartout, and denying Hall's request for
court-appointed counsel.

On December 17, 2007, Magistrate Judge Muirhead presided
over the pretrial conference in this matter.  During the
hearing, Hall orally moved for counsel on the bases that he was
mentally ill, was on lots of medication, and was confined to a
psychiatric unit in a New York prison.  Judge Muirhead agreed to
send Hall's Complaint to an attorney to see if an attorney would
agree to represent Hall on a volunteer basis, but stated that he
would not force an attorney to do so.  After the hearing, Judge
Muirhead approved the Defendant's proposed discovery plan (doc.
no. 18) and adopted it as the Pretrial Scheduling Order in the
case.  Nothing in that Order addressed or referenced appointing
counsel for Hall.  No attorney ever volunteered, or was
appointed, to represent Hall in this matter.  At no time during
the pendency of the case did Hall renew his request for court-
appointed counsel.

On November 5, 2008, the Court granted Defendant's motion
for summary judgment (doc. no. 19), over Hall's objection (doc.
no. 25), on the basis that Plaintiff had failed to exhaust his

claims through the prison's administrative grievance process. Judgment entered the following day (doc. no. 28).  Hall timely appealed the decision to the First Circuit, which, on August 13, 2009, affirmed the District Court's order and denied the motion to appoint counsel Hall had filed in that Court.  <u>See</u> Doc. Nos. 37 (Judgment) and 38 (Mandate).

## II.  <u>2013 - 2014</u>

More than four years later, in November 2013, Hall sent a letter (doc. no. 39) to the Clerk's Office of this Court seeking a copy of the docket sheet in this case for the purposes of preparing a motion for relief from judgment.  The Clerk's Office sent Hall a copy of the docket sheet.

Seven months later, on July 24, 2014, Hall filed the instant Motion to Vacate Judgment (doc. no. 41).  In his Motion, Hall argues that, due to his lack of counsel and his mental incompetence, the Court had no personal jurisdiction over him at the time it granted summary judgment.  Hall also asserts that the Court, while the case was open, should have appointed him a representative to prosecute this matter on his behalf, pursuant to Rule 17(c)(2).

In his objection (doc. no. 42), Defendant contends that

Hall was not granted court-appointed counsel because the Court found that no such appointment was warranted.  Defendant also reiterates that Defendant was entitled to summary judgment in the case, based on Hall's failure to administratively exhaust his claims.

**DISCUSSION**

## I.   <u>Timeliness</u>

A motion made under Rule 60(b) be made "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Hart gives no reason for the almost four year lapse between the August 2009 First Circuit decision affirming the District Court's Judgment, and the filing of this motion, and the Court can discern none.  Accordingly, the instant motion does not satisfy the "reasonable time" requirement in Rule 60(c)(1), and for that reason, the motion seeking relief under Rule 60(b) should be denied.

## II.  <u>Rule 60(b)(4)</u>

Even if the motion were deemed timely, it should be denied to the extent it arises under Rule 60(b)(4) because the Judgment at issue is not void.  <u>Cf.</u> <u>O'Callaghan v. Shirazi</u>, 204 F. App'x 35, 37 (1st Cir. 2006) (per curiam) (unpublished) (judgment is

void only where court lacked subject matter or personal jurisdiction, or where court exceeded its judicial power resulting in due process violation).  Personal jurisdiction over Hall existed because he chose to file an action in this court, and the claims he asserted at that time were within this court's subject matter jurisdiction.  See Kessler v. Crichton, 221 F.3d 1342, 2000 WL 816242, at *1 (8th Cir. 2000) (unpublished table decision) (court had personal jurisdiction over plaintiff "by virtue of his filing the infringement action and voluntarily appearing at trial").  Accordingly, Hall has not shown that the Judgment is void, and the Motion, to the extent it arises under Rule 60(b)(4), should be denied for that reason.

## III. **Rule 60(b)(6) and Rule 17**

Hall's alternative bases for seeking relief under Rule 60(b)(6) are his assertions that the Court improperly denied him representation when he informed the Court in 2008 that he believed himself to be incompetent, and his present, unsubstantiated assertion that he was in fact incompetent at that time.  Rule 17(c)(2) of the Federal Rules of Civil Procedure requires a court to "appoint a guardian ad litem – or issue another appropriate order – to protect a[n] . . .

incompetent person who is unrepresented in an action."  The
rule, however, does not require the court to appoint a guardian
ad litem or other representative for every mentally ill litigant
appearing before it.  "Rule 17(c) does not require a district
court to make a sua sponte determination of competency whenever
a question exists regarding a plaintiff's mental capacity;
instead, the duty to appoint a guardian ad litem or 'make such
order as it deems proper,' is triggered by 'actual documentation
or testimony' of mental incompetency."  Perri v. City of New
York, 350 F. App'x 489, 491 (2d Cir. 2009) (citations omitted).

     The record in this case indicates that Hall advised the
Court that he was mentally ill, and that he believed himself to
be incompetent.  Nothing in the record indicates, however, that
Hall ever provided the Court with any documentation or other
evidence of incompetency sufficient to trigger the Court's
obligation to investigate Hall's competence sua sponte, or to
appoint a guardian under Rule 17(c)(2).  Furthermore, Hall's
unsupported assertion that he was incompetent at the time
Judgment entered in this case does not suffice at this time to
demonstrate the existence of "extraordinary circumstances"
warranting relief under Rule 60(b)(6).  See United States v. 6

<u>Fox Street</u>, 480 F.3d 38, 46 (1st Cir. 2007).


## CONCLUSION

For the foregoing reasons, the Court recommends that the District Judge deny Plaintiff's Motion to Vacate Judgment (doc. no. 41). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Andrea K. Johnstone
United States Magistrate Judge


September  12, 2014

cc:  Kevin Hall, pro se
     Kenneth C. Bartholomew, Esq.
     Michael A. Pignatelli, Esq.

7